IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03109-M-RJ

| | | |
|---|---|---|
| ANGELO RONNELL WHITEHURST,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY HECKMAN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

On April 6, 2026, Angelo Ronnell Whitehurst ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 8, 17]. The court directed plaintiff, *inter alia*, to refile his complaint on the forms prescribed for use by the court. See Order [D.E. 4]. Plaintiff later filed a proposed amended complaint that again was not on the correct forms [D.E. 5], motions seeking an extension of time to comply with the order of deficiency, Mot. [D.E. 6], Mot. [D.E. 10], a complaint on the correct forms [D.E. 12], another complaint on the correct forms [D.E. 15], a motion to appoint counsel, Mot. [D.E. 19], affidavits [D.E. 20, 21], letters [D.E. 22, 23, 25], a motion seeking declaratory relief and a "permanent injunction for return of property [sic]," Mot. [D.E. 24], and a document in support [D.E. 26].

First, because plaintiff re-filed complaints on the correct forms in the time allowed by the court's April 20, 2026, order granting his first motion for an extension of time, see Order [D.E. 7], the court DENIES AS MOOT plaintiff's subsequent motion for an extension of time [D.E. 10].

Next, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 300 n.2

(1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (cleaned up). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

Succinctly stated, this case does not present exceptional circumstances. Plaintiff's claims are not objectively complex, and he has demonstrated through his filings that he has the capacity to present these claims. Thus, the court DENIES the motion to appoint counsel [D.E. 19].

The court now conducts initial review under 28 U.S.C. § 1915A and dismisses the action.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298,

304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's Filings:

Plaintiff names as defendants Craven County Sheriff's Office Investigators Wesley T. Heckman and Bill Casey, District Attorney Scott E. Thomas, and Assistant District Attorney Karen C. Hobbs, and he generally alleges violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights in Vanceboro, North Carolina, on various dates between February 1, 2011, and November 4, 2013. See [D.E. 12] at 1–5; [D.E. 15] at 1–5. The court presumes that plaintiff has abandoned the prior claims he raised against the North Carolina Department of Adult Correction ("DAC") and DAC Secretary Leslie Cooley-Dismukes. See [D.E. 1]; [D.E. 5].

Plaintiff alleges, *inter alia*, that: on February 1, 2011, he was criminally charged after "investigation officers purposely falsified evidence on plaintiff for seizure [sic]"; on February 6, 2011, he was arrested by officers who falsely alleged the discovery of firearms and ammunition, and that officers "concealed or fabricated material evidence to mislead a grand jury into returning a bill of indictment by conviction of second degree murder and armed robbery [sic]"; "had material truly been discovered," he would not have taken an Alford plea but would have "pursued trial";

"weapons would have proved both [that he] did not shoot [the] victim and [that he] is actually innocent," which violates his Fourth, Sixth, and Fourteenth Amendment rights as well as Brady v. Maryland, 373 U.S. 83 (1963); on February 6, 2011, defendants gave false testimony; on March 17, 2011, defendants fabricated a probable cause affidavit as to an "incident" on February 1, 2011; on April 10, 2012, a motion seeking a probable cause hearing was filed; a probable cause hearing was scheduled but never heard, depriving him of an opportunity to prove his innocence; documents from February 6, 2011, March 17, 2011, and August 4, 2013, fail to "describe or demonstrate a 9mm or .22 caliber handgun as mentioned in probable cause and bill of indictment(s) which is *prima facie* evidence and clear and convincing proof that state mislead grand jury and concealed or falsified evidence [sic]"; his contract pursuant to his October 9, 2023, Alford plea was "designed to mislead and defraud [sic]" such that his plea was not knowing and voluntary and, due to this deception, he suffers false imprisonment. See [D.E. 12] at 7–10; accord [D.E. 15] at 5–7.

For relief, plaintiff seeks "compensation and punitive damages," [D.E. 12] at 11, as well as "release and discharge of property," id.; [D.E. 15] at 8.

Plaintiff attaches a Craven County transcript of plea which was signed by plaintiff on October 9, 2013, and signed by defendant Thomas and the presiding judge on October 14, 2013, see [D.E. 12-1] at 1–4, as well as what appears to be a partial copy of plaintiff's October 14, 2013, Craven County judgment and commitment form, which notes his Alford plea, see id. at 5–6.

In his motion for declaratory relief and a "permanent injunction for return of property [sic]," plaintiff argues he was deprived of a fair trial by defendants' deceit and fraud as to his Alford plea. See Mot. [D.E. 24] at 1–2. Plaintiff claims a probable cause affidavit included a false declaration regarding the collection of a .22 caliber handgun which misled the grand jury because only a 9mm handgun was submitted to the S.B.I. for analysis. Id. at 3. Plaintiff again asserts that

inventories of items seized and destroyed do not include 9mm or .22 caliber handguns. Id. at 4. Plaintiff contends that the evidence inventory instead includes "four (4) homemade shanks" that "replaced" firearms with an intent to "frame" him. Id. at 5. Plaintiff asserts that, if the 9mm or .22 caliber handguns had not been concealed, it would have proved he did not shoot the victim and is "actually innocent of charged convictions [sic]." Id. at 7. Plaintiff contends that he "did not attempt to rob [sic]" because the victim was "not departed from his valuables [sic]." Id. Plaintiff also argues his plea contract was breached due to fraud by the prosecutor. Id. at 8–9.

Plaintiff attaches: a March 17, 2011, Craven County search warrant application and probable cause affidavit, Mot. Attach. [D.E. 24-1] at 1–3; a March 17, 2011, Craven County search warrant, id. at 4–5, his four November 10, 2011, Craven County arrest warrants for, *inter alia*, possession of a weapon by prisoner, a "shank," while at the Craven County Sheriff's Confinement Facility, id. at 6–7 (file # 11CR054749), id. at 8–9 (file # 11CR054750), id. at 10–11 (file # 11CR054751), id. at 12–13 (file # 11CR054752); his February 1, 2011, Craven County arrest warrant for murder, id. at 15 (file # 11CR050459); his July 18, 2012, Pamlico County arrest warrant for possession of a weapon by prisoner, a metal razor-like instrument, and Assault With a Deadly Weapon Inflicting Serious Injury, id. at 16–17 (file # 12CR050379, with hand-written notation, "Craven 13CRS1184"); a June 10, 2013, Craven County order for his arrest for attempted common law robbery with an offense date of February 1, 2011, id. at 17 (file # 13CRS000761); the return of the March 17, 2011, search warrant, id. at 18; a Pamlico County Magistrate's order noting plaintiff's July 19, 2012, arrest warrant for possession of a weapon by a prisoner, a metal razor-like instrument, and Assault With a Deadly Weapon Inflicting Serious Injury, id. at 19–20 (file # 12CR050379, with hand-written notation, "Craven 13CRS1184"); a June 10, 2013, notice of return of a bill of indictment, id. at 21 (file #s 11CR054749-52); his September 16, 2013,

superseding indictments, id. at 22 (file # 11CR050459), id. at 23 (file # 13CRS000761), id. at 28 (file # 11CR054750), id. at 29 (file # 11CR054751); his four June 10, 2013, indictments, id. at 24 (file # 11CR054750), id. at 25 (file # 11CR054749), id. at 26 (file # 11CR054751), id. at 27 (file # 11CR054752); a Pamlico County notice of return of his bill of indictment on January 14, 2013, id. at 30 (file # 12CR0503790), his September 11, 2012, Pamlico County indictment, id. at 31 (file # 12CR050379); a partially completed S.B.I. final disposition report, id. at 32; and a list of items to be destroyed, returned to the victim's mother, and returned to the original case file, id. at 33.

Discussion:

Publicly available records reflect that plaintiff is incarcerated pursuant to various October 14, 2013, Craven County convictions. See N.C. Dpt. Adult Correction, Offender Public Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1250819&searchOffenderId=1250819&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (search by offender number) (visited Aug. 14, 2026) (listing these convictions as: Second Degree Murder (docket # 11050459, Feb. 1, 2011, offense date); Armed Robbery (attempted) (docket # 13000761, Feb. 1, 2011, offense date); inmate possession of a weapon (docket # 11054749, July 7, 2011, offense date); inmate possession of a weapon (docket # 11054750, Oct. 7, 2011, offense date); inmate possession of a weapon (docket # 11054751, Oct. 14, 2011, offense date); inmate possession of a weapon (docket # 11054752, Nov. 10, 2011, offense date); and Assault With a Deadly Weapon Inflicting Serious Injury (docket # 13001189, July 19, 2012, offense date)).

To the extent plaintiff seeks release from his present incarceration, such relief sounds in habeas corpus, not in a civil rights action. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Gilliam v. Foster, 75 F.3d

881, 889 n.7 (4th Cir. 1996) (en banc). The court takes judicial notice that plaintiff has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 collaterally attacking these various October 14, 2013, convictions in Craven County. See Pet. [D.E. 1], Whitehurst v. State of North Carolina, No. 5:25-HC-02106-FL (E.D.N.C. May 6, 2025). That petition remains pending.

Next, plaintiff fails to plausibly allege viable claims against any defendant under the Eighth Amendment. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); see De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).

Next, because plaintiff does not name federal actors, he also does not state viable Fifth Amendment claims. See United States v. Hornsby, 666 F.3d 296, 310 (4th Cir. 2012).

Next, a finding for plaintiff based upon defendants' purported violations of his Fourth, Sixth, and Fourteenth Amendment rights during his state criminal proceedings necessarily would imply the invalidity of his present conviction and sentence. Thus, dismissal of these claims is appropriate because plaintiff has not demonstrated that his conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) ("Heck"); see Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (noting, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); see also Thigpen v.

McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished) (holding a court must dismiss if a success in § 1983 claims necessarily implies the invalidity of conviction).

To the extent plaintiff instead alleges that defendants intentionally deprived him of property, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Mora v. City of Gaithersburg, 519 F.3d 216, 231 (4th Cir. 2008). Because plaintiff has a meaningful postdeprivation remedy available in state court, see Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983), he fails to state a viable claim as to property deprivation.

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

Conclusion:

In sum, the court: DENIES AS MOOT the motion for an extension of time [D.E. 10]; DENIES the motion to appoint counsel [D.E. 19]; DENIES the motion seeking declaratory relief and a "permanent injunction for return of property" [D.E. 24]; and DISMISSES the complaint either as Heck-barred or for failure to state a claim under 28 U.S.C. § 1915A(b)(1), but WITHOUT PREJUDICE as to plaintiff's right to seek habeas relief. The clerk shall close the case.

SO ORDERED this 17th day of August, 2026.

Richard E. Myers II

RICHARD E. MYERS II
Chief United States District Judge